IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ANTHONY LEWIS,

    Petitioner,              No. 2:04-cv-1136 JAM EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.       <u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

                              /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 17, 2004, the magistrate judge previously assigned to this case found that the petition contained both exhausted and unexhausted claims. Dckt. No. 5 at 3. That magistrate judge recommended that petitioner's unexhausted claims be stricken and that the case be stayed to allow petitioner to exhaust his unexhausted claims. *Id*. at 3-4. On January 26, 2005, the previously assigned district judge adopted the findings and recommendations in full and ordered petitioner's unexhausted claims stricken, the case stayed, and petitioner to file within 120 days a status report stating whether he had exhausted his available state remedies. Dckt. No. 6.

////

On May 24, 2005, petitioner filed a status report asking for more time to exhaust his state remedies. Dckt. No. 7. The then-assigned magistrate judge ordered petitioner to "notify the court and respondents forthwith when he has exhausted available state remedies." Dckt. No. 8.

More than six years later, the case was reassigned to District Judge John A. Mendez and to the undersigned magistrate judge. Dckt. No. 9. By order dated January 26, 2012, the administrative stay in this case was lifted and respondent was ordered to file a response to the petition. Petitioner subsequently filed two motions for appointment of counsel; both were denied. Presently before the court are petitioner's motions for reconsideration of his request for appointment of counsel, to stay this proceeding, for a 15-month extension of time to file a traverse; to voluntarily dismiss the petition, and to amend the petition. Dckt. Nos. 22, 23.

**I.     Motion for Reconsideration of Petitioner's Request for Counsel**

As petitioner is aware, there currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). However, the court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2254 Cases. After reviewing petitioner's pleadings, including his new request to appoint him counsel, the court again finds that the interests of justice would not be served by the appointment of counsel at this stage of the proceedings.

**II.    Motion to Stay**

Petitioner requests that this court stay the proceeding and hold it in abeyance so he can exhaust his unexhausted claims.[1] Dckt. No. 22.

////

////

---

[1] Although petitioner does not state which claims he wishes to exhaust, it may be presumed that petitioner seeks to exhaust the claims that were dismissed from his petition pursuant to the court's January 26, 2005 order.

There are two approaches for analyzing stay-and-abey motions–one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

*Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly,* 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If a petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.*

////

Petitioner need not satisfy the requirements under *Rhines*, as the instant petition no longer contains unexhausted claims. As discussed above, on January 26, 2005, the assigned district judge dismissed petitioner's unexhausted claims and granted petitioner a stay of proceedings to give petitioner an opportunity to exhaust his state remedies. Dckt. No. 6. Six years after this proceeding was stayed, the undersigned ordered petitioner to show cause why the action should not be dismissed for failure to prosecute. Dckt. No. 10. Petitioner's response to the order to show cause stated that he had not yet exhausted his state remedies. Dckt. No. 11 at 5. Petitioner provided various reasons for his inability to exhaust his state remedies, including lack of legal knowledge, retained counsel's failure to provide assistance with his case, transfers between prisons, and inability to procure necessary documents. *Id*. at 2-4. In the January 26, 2012 order lifting the stay, the court explained that petitioner did not claim that any of the alleged setbacks actually prevented him from filing his state habeas petition in the last six years. Dckt. No. 12.

Petitioner, in his most recent request for a stay, provides a new reason for why he has not exhausted his state remedies; i.e., that the instant petition was erroneously delivered to the district court and that he believed the instant proceeding was a state habeas proceeding. Dckt. No. 22 at 1-2. Petitioner further states that "[t]hroughout all correspondence, at no point had Petitioner's Habeas been addressed as a 'Federal' Habeas until the Respondent filed its Answer on April 24, 2012." *Id*. at 2. He further claims that he assumed this court "was treating the Habeas claims as State issues that are presently being exhausted through this proceeding with the Court." *Id*.

Contrary to petitioner's contention, the instant petition has previously been referred to as a "federal" petition. The November 17, 2004 findings and recommendations stated, "In his *federal application*, petitioner challenges . . . ." Dckt. No. 5 at 3 (emphasis added). The findings and recommendations also observed that "[p]etitioner sought no habeas relief in state court." *Id*. at 2. Even if it is assumed that petitioner mistakenly initiated this action in federal court, the November 17, 2004 findings and recommendations put petitioner on notice that he

4

filed a federal application in federal court. Thus, it appears that petitioner's proffered reason are disingenuous.

Petitioner also requests that the matter be stayed to enable him to acquire legal assistance. *Id.* at 4. Petitioner explains that he has requested the Northern California Innocence Project assist him with his habeas petition. *Id.* He states that the Innocence Project has acknowledged receipt of his requests, but that there is a waiting period of several months to 5 years. *Id.* Given that this action was commenced nearly nine years ago, and that petitioner has had more than eight years to exhaust his state remedies, the possibility that petitioner may be able to obtain pro bono counsel does not warrant granting petition a second stay.

Furthermore, petitioner has not been diligent in his efforts to comply with this court's instructions which further renders a stay inappropriate here. Although the matter was initially stayed more than eight years ago, there is no indication that petitioner has filed a habeas petition with any state court. Because petitioner has been provided sufficient time to exhaust his state remedies, but has failed to provide an adequate justification for his failure to do so, it is recommended that the request to further stay the petition under the *Kelly* procedure be denied.

**III.    Request For 15-Month Extension of Time to File A Traverse**

Petitioner requests that in the event his motion for a stay and motion for reconsideration are denied, the court grant him a 15 month extension of time to file a traverse. *See* Fed. R. Civ. P. 6(b). He provides no justification for an extension of that length. Accordingly, petitioner's request for an extension of time is denied in part and granted in part. Petitioner shall have 60 days from the date this order is served to file and serve a traverse. Further requests for extensions of this deadline will be viewed with disfavor.

////
////
////
////

### IV. Conditional Withdrawal of Petition

Petitioner also moves to withdrawal his petition, "on the Condition that Petitioner will not be legally or irreparably harmed in future appellate proceedings."[2] Dckt. No. 6. Federal Rule of Civil Procedure 41(a)(1) permits a party to voluntarily dismiss an action without a court order by filing a notice of dismissal prior to the opposing party filing an answer or by stipulation of all the parties. Respondent has already filed an answer, and the parties have not stipulated to this action being voluntarily dismissed. Accordingly, the action may be voluntarily dismissed by court order and upon whatever terms are determined to be just. *See* Fed. R. Civ. P. 41(a)(2).

Here, petitioner does not unequivocally request this action be dismissed. He only requests dismissal on the condition that he will not suffer harm in some future proceeding, which in essence asks the court to decide for him. The court may not issue an advisory opinion addressing the legal ramification for voluntarily dismissing the instant action. *See United States Nat'l Bank v. Indep. Ins Agents of Am.*, 508 U.S. 439, 446 (1993) (holding that federal courts do not have the authority to issue advisory opinions). Because petitioner has not unequivocally sought voluntary dismissal, his current conditional request is denied. The court cannot and will not meet the condition petitioner seeks to impose on the dismissal. He may, if he wishes to do so, file an appropriate request for dismissal under Rule 41(a)(2). However, the court expresses no view whether any future claims asserted in a later filed federal petition will or will not be barred by the statute of limitations should petitioner voluntarily dismiss this action. Since petitioner request for voluntary dismissal is conditional, and the court is unable to provide petitioner with legal advice, it is recommended that petitioner's conditional request to voluntarily withdraw the petition be denied.

---

[2] Petitioner appears to be referring to the one-year limitation period for seeking federal habeas relief which begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1).

### V.     Motion to Amend

Petitioner also seeks the court's permission to file an amended petition that contains "procedural fact regarding the filing of the State Habeas and its pending decision(s)." Dckt. No. 23 at 2. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Petitioner did not amend his petition within 21 days after the answer the filed and therefore his opportunity to amend "as a matter of course" has expired. Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, it cannot be determined whether amendment would be futile. Nor can the court adequately address the other factors. Petitioner has not explained what claims, if any, he wishes to add to his petition, why they have merit, why they were not asserted earlier, and whether the addition of those claims would result in unfair prejudice or burden to the other side. He simply states that he want to amend the petition to show facts concerning his state habeas petition. Furthermore, petitioner has also failed to comply with Local Rule 139(c), which requires a party to attach a proposed amended petition to the motion to amend. Accordingly, petitioner's motion to amend should be denied without prejudice.

### VI.     Conclusion

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion for reconsideration, Dckt. No. 22. is denied; and

////

     2. Petitioner's motion for an extension of time, Dckt. No. 22, is granted in part to the extent that petitioner has 60 days from the date this order is served to file his traverse.

     Further, it is RECOMMENDED that:

     1. Petitioner's motion for a stay, Dckt. No. 22, be denied,

     2. Petitioner's conditional motion to voluntarily dismiss the petition, Dckt. No. 22, be denied; and

     3. Petitioner's motion to amend the petition, Dckt. No. 23, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2013.

                                  EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE